

FILED

JAN 2 9 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MANUEL ALEJANDRO AGUAYO IBARRA,<br><br>  Defendant. | Case No. **15CR02612**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on January 24, 2020, to determine whether Defendant, Manuel Alejandro Aguayo Ibarra, should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Jessica G. Moreno appeared on behalf of the United States. Matthew C. Binninger appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

1

# I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged by indictment No. 15CR2612 with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and conspiracy to bulk cash smuggle, in violation of 18 U.S.C. § 371 and 33 U.S.C. § 5332. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense under 18 U.S.C. § 1956(h), carries a maximum term of imprisonment of 20 years. The charged offense under 18 U.S.C. § 371 carries a 5 years statutory maximum sentence. Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offenses carry with them a maximum mandatory sentence of 25 years imprisonment. According to the United States Sentencing Guidelines, the Base Offense level is 38. <u>See</u>, USSG § 2D1.1(c)(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 235-293 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1. This case arose from a wiretap investigation, and Aguayo was intercepted coordinating money transfers of drug proceeds. Aguayo was typically contacted by co-conspirator Lopez-Rios, who asked Aguayo to coordinate the pickup of drug proceeds in California to be smuggled to Mexico.

2. During the investigation, law enforcement seized about $1,588,740 (one million five hundred eighty-eight thousand seven hundred forty dollars) in narcotics proceeds that conspirators attempted to repatriate to Mexico. As part of the undercover operation, a total of about $2,316,745 (two million three hundred sixteen thousand seven hundred forty-five dollars) was transferred by the conspirators to Mexico. Money that was successfully repatriated to Mexico was delivered to drug traffickers, who divided the money among co-conspirators, including the money launderers themselves.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):
1. Defendant is a Mexican citizen with no legal status to remain in the country.
2. Defendant has significant family ties in Mexico.
3. Defendant lacks financial resources or assets in the United States.
4. Defendant lacks significant contacts in the United States.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has no criminal history.

II

**REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Indictment Number 15CR02612, to wit: with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and conspiracy to bulk cash smuggle, in violation of 18 U.S.C. § 371 and 33 U.S.C. § 5332.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

**ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver

Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 1/29/2020

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR
United States Attorney

JESSICA G. MORENO
Assistant U.S. Attorney

cc: Matthew C. Binninger
Counsel for Defendant